IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY TUCKER,              ) | CIV. NO. 09-00376 SOM/KSC |
|                              ) | |
|         Plaintiff,           ) | ORDER GRANTING IN PART, |
|                              ) | DENYING IN PART DEFENDANT'S |
|     vs.                      ) | MOTION FOR JUDGMENT ON THE |
|                              ) | PLEADINGS |
| BENJAMIN PEREZ, in his       ) | |
| individual capacity as       ) | |
| Honolulu Police Officer; JANE ) | |
| AND JOHN DOES 1-100; DOE     ) | |
| AGENCIES 1-10; DOE           ) | |
| CORPORATIONS 1-10; and DOE   ) | |
| BUSINESS ENTITIES 1-10,      ) | |
|                              ) | |
|         Defendants.          ) | |
| _____ ) | |

ORDER GRANTING IN PART, DENYING IN PART
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

I.      INTRODUCTION.

Plaintiff Anthony Tucker ("Tucker") claims that Defendant Benjamin Perez ("Perez"), an off-duty police officer, unlawfully pepper-sprayed him when Tucker was involved in what Tucker says was a "verbal" dispute with his neighbor.  Tucker says that Perez, among other things, violated his Fourth Amendment rights and denied him due process.  Perez now moves for judgment on the pleadings, arguing that Tucker has not sufficiently alleged such claims.  Pursuant to Local Rule 7.2(d), this court decides the matter without a hearing.  This court grants Perez's motion in part and denies it in part.

II.       STANDARD OF REVIEW.

A motion for judgment on the pleadings challenges the legal sufficiency of the claims asserted in a complaint. Judgment on the pleadings is properly granted when the court, accepting all the allegations in the pleadings as true and construing them in the light most favorable to the nonmoving party, concludes that the moving party is entitled to judgment as a matter of law. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). No issue of material fact may be in dispute. Id.

When a Rule 12(c) motion raises the defense of failure to state a claim, the motion is subject to the same test as a motion under Rule 12(b)(6). Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog."); McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) (noting that a motion for judgment on the pleadings that raises the defense of failure to state a claim faces the same test as a motion under Rule 12(b)(6)).

To withstand a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007). A claim has "facial plausibility" if the plaintiff pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940 (2009). Although the court must accept all well-pleaded factual allegations as true, "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Nor must the court "accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555).

A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). The pleadings are closed once a complaint and an answer have been filed, assuming that there is no counterclaim or cross-claim. Doe v. United States, 419 F.3d 1058, 1061 (9th Cir. 2005).

III.     BACKGROUND.

Tucker says that he and several family members were involved in an argument with a neighbor over whether Tucker had damaged his neighbor's car. Compl. ¶¶ 1, 11. Perez, a police officer who was off-duty at the time, apparently arrived at the scene and, at some point, pepper-sprayed Tucker and his family members. Id. Tucker says that Perez seized him, "act[ing] excessively without any provocation." Id. ¶ 14. Perez, on the other hand, says that he lawfully used pepper spray against

3

Tucker "in response to [Tucker's] violent and aggressive conduct." Answer ¶ 10.

In August 2009, Tucker filed the present Complaint against Perez. In Count I, Tucker complains that his right to be free from unreasonable searches and seizures was violated. Tucker also asserts that his procedural and substantive due process rights were violated (Counts II and III), and that he was unlawfully battered (Count IV). Tucker sues Perez in his individual capacity and seeks money damages and an injunction.

IV.     ANALYSIS.

Perez argues he has qualified immunity with respect to Tucker's unreasonable search and seizure and battery claims (Counts I and IV). Perez also contends that Tucker's due process claims (Counts II and III) are "ill founded," Motion at 11, and that Tucker is not entitled to an injunction and punitive damages. While Perez does not establish that qualified immunity protects him from Tucker's Fourth Amendment and battery claims (Counts I and IV), this court agrees with Perez that Tucker fails to allege sufficiently that his due process rights were violated (Counts II and III). This court also agrees with Perez that Tucker has not sufficiently alleged an entitlement to injunctive relief.

        A.     Count I

Tucker says that Perez pepper-sprayed him and seized

4

him.  Compl. ¶ 11, 14.  Tucker says that "Defendant PEREZ used excessive force" and that "the excessive force was objectively unreasonable pursuant to the fourth amendment."  Id. ¶¶ 15-16. Perez counters that he is entitled to qualified immunity.  Perez fails to persuade the court on the present record that qualified immunity prevents Tucker from proceeding with this claim.

The doctrine of qualified immunity protects government officials from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (quotations omitted).  Although the Supreme Court had earlier laid out a two-step sequence for a court to follow in resolving a government official's qualified immunity claims, that sequence is no longer mandatory.  Id. at 817.  Thus, a court may exercise its "sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  Id. at 818.

Under one prong, a court must decide whether the facts that a plaintiff has alleged make out a violation of a constitutional right.  Id. at 815-16.  Under the other prong, a court must decide whether the right at issue was "clearly established at the time of the defendant's alleged misconduct." Id.

Perez argues that he is entitled to qualified immunity because (1) Tucker does not allege any constitutional violation, and (2) Perez reasonably believed that his conduct did not violate any clearly established constitutional right. This court is unpersuaded. Tucker alleges a violation of a clearly established right that prevents qualified immunity from attaching at this stage of the proceedings.

The constitutional right Tucker alleges Perez violated was the Fourth Amendment right to be free from unreasonable searches and seizures. Tucker claims that Perez, without any justification, used excessive force when he pepper-sprayed and seized Tucker.

A claim that a law enforcement officer used excessive force is analyzed under the Fourth Amendment and its objective reasonableness standard. See Graham v. Connor, 490 U.S. 386, 393-94 (1989) (noting that the analysis of an excessive force claim begins with the identification of the specific constitutional right violated by application of force, usually the Fourth Amendment's prohibition against unreasonable searches or seizures, or the Eighth Amendment's ban on cruel and unusual punishment); see also Tekle v. United States, 511 F.3d 839, 844 (9th Cir. 2007) ("Use of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness.") (brackets and quotations omitted).

To determine whether a law enforcement officer's use of force was objectively reasonable, a court must balance the "nature and quality of the intrusion" on an individual's Fourth Amendment interests against the "countervailing governmental interests" at stake.  Graham, 490 U.S. at 396.  A court evaluates the governmental interests by examining "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  Id.

The determination of whether force was reasonable requires "careful attention to the facts and circumstances of each particular case."  Id.  "Because such balancing nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, . . . summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly."  Drummond ex rel. Drummond v. City of Anaheim, 343 F.3d 1052, 1056 (9th Cir. 2003);  See Jackson v. City of Bremerton, 268 F.3d 646, 651 n.1 (9th Cir. 2001) (noting that the test for reasonableness is often a jury question).  The court has even greater reluctance on a motion for judgment on the pleadings.

The court concludes, considering the nature and severity of the alleged intrusion on Tucker's Fourth Amendment interests and the countervailing governmental interests, that

Tucker alleges a violation of his Fourth Amendment right to be free from unreasonable searches and seizures.  Tucker alleges that Perez pepper-sprayed him.  The use of pepper spray can result in more than a minimal intrusion on a person's Fourth Amendment interests.  Bryan v. MacPherson, 608 F.3d 614, 621 (9th Cir. 2010) (noting that pepper spray can cause intense pain and a gagging reflex).  Additionally, accepting the allegations as true, the court cannot conclude that countervailing governmental interests are implicated.  Tucker alleges that Perez seized him even though he was not acting in a threatening manner, resisting arrest, or fleeing.  Compl. ¶¶ 14-15.  If these allegations are true, pepper spray was not needed to subdue, remove, or arrest Tucker.  An allegation that a police officer used pepper spray absent any justification states a violation of the Fourth Amendment.

Perez argues that Tucker cannot establish such a claim because Perez acted reasonably.  Perez says that he "observed a beating and a violent assault take place" that justified the use of pepper spray.  Motion at 9.  However, on this motion for judgment on the pleadings, the court considers as true the allegations in the Complaint.  See MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1081 (9th Cir. 2006) (noting that a district court should accept as true all allegations in the complaint and treat as false those allegations in the defendant's

answer that contradict allegations in the complaint).  The Complaint does not indicate that Tucker assaulted anyone or that Perez pepper-sprayed Tucker out of safety concerns.

Turning to the next prong of the qualified immunity analysis, this court considers whether Perez's conduct "violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known." MacPherson, 608 F.3d at 628 (quotations omitted).  Perez claims that he reasonably believed that his conduct did not violate a clearly established right.  Perez says that "the facts pled indicate that Perez had substantial grounds upon which he could have concluded that he had legitimate justification under the law for acting as he did."  Motion at 10.  Perez may bring a motion for summary judgment and attach admissible evidence demonstrating that he had reason to believe that pepper spray was justified, but the facts as pled do not provide any such justification. Perez was on notice that the use of pepper spray absent any reason is unjustified.  MacPherson, 608 F.3d at 628.

B.      Count II and Count III

In Count II and Count III, Tucker claims that his procedural and substantive due process rights were violated because he was unable "to tell his side of the story prior to being pepper sprayed."  Compl. ¶¶ 20, 22.  Perez argues that Tucker fails to state due process claims.  This court agrees with

Perez on this point.

Tucker says that he was denied procedural due process when he was unable to explain what happened before being pepper-sprayed. However, an inability to explain what happened to a police officer before being pepper-sprayed is not the type of "process" that the constitutional right to procedural due process is designed to protect. See Blaylock v. Schwinden, 862 F.2d 1352, 1355 (9th Cir. 1988) (noting that the plaintiffs' procedural due process claim failed, as the plaintiffs alleged that the defendants' failure to carry out duties resulted in harm, not that state procedures caused injury). This court dismisses this claim.

Tucker says that he was also denied substantive due process when he was not allowed to give his side of the story before being pepper-sprayed. The use of pepper spray is the basis for Tucker's excessive force/Fourth Amendment claim. To the extent Tucker's substantive due process claim is based on the use of excessive force, it is barred. The Supreme Court has stated that "*all* claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." Graham, 490 U.S. at 395 (italics in original).

Accordingly, this court dismisses this claim to the extent it is premised on the use of excessive force.

        C.      Count IV

Tucker alleges that "Perez subjected Plaintiff to an unreasonable and unlawful seizure, detention and battery . . . without any justification." Compl. ¶ 24. Perez argues that Tucker insufficiently pleads battery, and that, in any event, a qualified or conditional privilege protects Perez from liability. This court is not persuaded. This court concludes that Tucker has pled battery, and that Perez has not on the present record proven entitlement to any qualified or conditional privilege.

A person commits the common law tort of battery if he or she acts with intent to cause a nonconsensual harmful or offensive contact, or apprehension thereof, and the contact occurs. Mukaida v. Hawaii, 159 F. Supp. 2d 1211, 1223 (D. Haw. 2001) (citations omitted).

This court concludes that Tucker adequately pleads battery, as he alleges that Perez unlawfully, intentionally, and without justification pepper-sprayed him. That is sufficient to allege a nonconsensual, offensive contact.

This court tuns next to Perez's argument that he is entitled to a qualified or conditional privilege. Hawaii law provides that a nonjudicial government official has a qualified or conditional privilege with respect to his or her tortious

11

actions taken in the performance of his or her public duty. Towse v. State of Hawaii, 64 Haw. 624, 631, 647 P.2d 696, 702 (1982); Runnels v. Okamoto, 56 Haw. 1, 4, 525 P.2d 1125, 1128 (1974). This privilege shields all but the most guilty nonjudicial officials from liability, but not from the imposition of a suit itself. Towse, 64 Haw. at 631, 647 P.2d at 702. The privilege flows from the Hawaii Supreme Court's balancing of competing interests. It protects the innocent public servant's pocketbook, yet allows an injured party to be heard. See Medeiros v. Kondo, 55 Haw. 499, 504, 522 P.2d 1269, 1272 (1974).

For a tort action to lie against a nonjudicial government official, the injured party must allege and demonstrate by clear and convincing proof that the official was motivated by malice and not by an otherwise proper purpose. Towse, 64 Haw. at 631-33, 647 P.2d at 702-03; Medeiros, 55 Haw. at 504-05, 522 P.2d at 1272. When a public official is motivated by malice and not by an otherwise proper purpose, Hawaii law provides that the cloak of immunity is lost and the official must defend the suit the same as any other defendant. Marshall v. Univ. of Haw., 9 Haw. App. 21, 37, 821 P.2d 937, 946 (Ct. App. 1991), abrogated on other grounds by Hac v. Univ. of Haw., 102 Haw. 92, 73 P.3d 46 (2003).

The present record is insufficient to establish qualified immunity. Perez argues that because Tucker does not

allege that Perez acted with malice, Tucker's claim is barred. However, Tucker alleges that Perez acted "intentionally," "without provocation and without reason." Compl. ¶¶ 13-14. Construing all allegations in the light most favorable to Tucker, this court concludes that Tucker alleges that Perez acted with malice.[1]

      D.      <u>Injunctive Relief</u>

Tucker seeks an order "mandating that the Defendants cease and desist" in future acts of pepper-spraying Tucker. Compl. ¶ 24(b). Perez argues that Tucker has not established standing to seek injunctive relief. This court agrees with Perez.

To allege a case or controversy for purposes of Article III standing, a plaintiff who seeks injunctive relief cannot rely only on past exposure to illegal conduct to establish a present controversy regarding injunctive relief. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102 (1983). Instead, a plaintiff must allege that he faces a "real and immediate threat" that he "will again be wronged in a similar way." <u>Id.</u> at 111.

Tucker seeks an injunction to prevent Perez from pepper-spraying him again. However, Tucker has not alleged that

---

[1]Additionally, it is unclear whether Perez acted in performance of a public duty when he pepper-sprayed Tucker. As Perez was allegedly off-duty when he acted, it is unclear whether he acted in the performance of a public duty.

13

there is a sufficient likelihood that he will again be pepper-sprayed or subjected to a similar injury.  Accordingly, Tucker fails to sufficiently allege a case or controversy justifying an injunction.

        E.        Punitive Damages

Tucker seeks punitive damages.  Perez argues that Tucker fails to plead a claim for punitive damages because he does not allege that Perez acted wantonly, oppressively, or maliciously.

A claim for punitive damages is not an independent tort, but is purely incidental to a separate cause of action. Ross v. Stouffer Hotel Co., Ltd., Inc., 76 Haw. 454, 466, 879 P.2d 1037, 1049 (1994).  "[T]he proper measurement of the amount of punitive damages is the degree of the defendant's malice, oppression, or gross negligence that forms the basis for liability for punitive damages and the amount of money required to punish the defendant."  Ditto v. McCurdy, 98 Haw. 123, 131, 44 P.3d 274 (2002) (citing Kang v. Harrington, 59 Haw. 652, 663, 587 P.2d 285 (1978)).

While Tucker does not use the word "malicious," he alleges that Perez acted intentionally and without justification. At this stage of the proceedings, construing the allegations in the light most favorable to Tucker, this court concludes that Tucker's allegations are sufficient to seek punitive damages.

V.       CONCLUSION.

The court grants in part the motion for judgment on the pleadings.  As Counts II and III fail to state due process claims, the court dismisses those claims.  Additionally, as Tucker fails to allege sufficiently a case or controversy sufficient to seek an injunction, this court strikes Tucker's prayer to the extent it seeks an injunction.  The court denies the motion in all other respects.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii July 28, 2010



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Tucker v. Perez, 09cv376, Order Granting in Part, Denying in Part Defendant's Motion for Judgment on the Pleadings.