IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY TUCKER, | ) CIVIL NO. 09-00376 SOM-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION REGARDING |
| vs. | ) PLAINTIFF ANTHONY TUCKER'S |
| | ) OBJECTIONS TO DEFENDANT |
| | ) BENJAMIN PEREZ'S ITEMIZED |
| BENJAMIN PEREZ, in his | ) BILL OF COSTS |
| individual capacity as | ) |
| Honolulu Police Officer; | ) |
| JANE AND JOHN DOES 1-100; | ) |
| DOE AGENCIES 1-10; DOE | ) |
| CORPORATIONS 1-10; DOE | ) |
| ASSOCIATIONS 1-10; AND DOE | ) |
| BUSINESS ENTITIES 1-10, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION REGARDING
PLAINTIFF ANTHONY TUCKER'S OBJECTIONS TO
DEFENDANT BENJAMIN PEREZ'S ITEMIZED BILL OF COSTS

On March 11, 2011, Defendant Benjamin Perez ("Defendant") filed a Bill of Costs ("BOC"). On March 18, 2011, Plaintiff Anthony Tucker ("Plaintiff") filed an Objection to the BOC. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the U.S. District Court for the District of Hawaii ("Local Rules").

Defendant requests $2,727.54 in costs - $2,385.99 for transcript costs; $92.00 for lay witness fees and allowances; $47.50 for miscellaneous costs; and $202.05 for copying costs. Plaintiff asks that the Court DENY the request for costs because 1) there exists great economic disparity between Plaintiff and Defendant; 2) there is a chilling effect of imposing high costs on future civil rights litigants; 3) the motions in limine established Plaintiff's financial hardship; and 4) this action involved issues of substantial public importance.

Rule 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP") provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Local Rules provide that "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered, or shall be the party who prevails in connection with a motion listed in LR54.2(b)." Local Rule 54.2(a).

Here, Defendant is the prevailing party in this action, having obtained a favorable verdict and judgment having been entered in its favor on February 25, 2011. The question then is whether the reasons offered by Plaintiff warrant a denial of costs.

Courts have discretion to award costs pursuant to Rule 54(d). See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999). However, this discretion is not unlimited. Ass'n of Mexican-American Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000). The burden is on the losing party to demonstrate why costs should not be awarded. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999).

If a district court declines to award costs, it must specify its reasons for doing so. Ass'n of Mexican-American Educators, 231 F.3d at 591. On the other hand, a "district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an

award." Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003). The Ninth Circuit has approved the following as reasons for denying an award of costs: 1) the losing party's limited financial resources; 2) misconduct on the part of the prevailing party; 3) the importance and complexity of the issues; 4) the merit of the plaintiff's case, even if the plaintiff loses; 5) the chilling effect on future civil rights litigants of imposing high costs; 6) great economic disparity between the parties; and 7) close issues. Id.; Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003); Ass'n of Mexican-American Educators, 231 F.3d at 592.

In the present case, the Court finds that the reasons advanced by Plaintiff for denying costs are conclusory and are not sufficiently persuasive to overcome the presumption that Defendant, as the prevailing party, is entitled to an award of costs. First, although Defendant was represented by Corporation Counsel, Plaintiff has provided no evidence that any economic disparity exists between Plaintiff

and Defendant.  Second, even if Defendant is awarded the $2,727.54 in requested costs, such an insignificant amount of money for a case litigated since 2009 will in no way chill future civil rights litigation.

Third, Plaintiff has presented no evidence that financial hardship justifies a denial of the costs. Plaintiff cites the motions in limine to support his argument of hardship.[1]  However, the motions in limine do not establish financial hardship.  While three monetary judgments totaling approximately $10,000 have apparently been entered against Plaintiff in state court, Plaintiff has provided no other information about the current state of his finances.  Thus, Plaintiff has not established indigence, nor explained how the taxation of $2,727.54 in costs would affect his finances, if at all.

Finally, this action did not involve issues of substantial public importance.  Whether or not

---

[1] Plaintiff should have included all pertinent information with his Objection, not referenced prior motions that were not handled by this Court.

Defendant's use of pepper spray on Plaintiff amounted to a Constitutional violation is simply not a matter of public interest that would override the presumption that Defendant should recover costs. For these reasons, the Court finds that Defendant is entitled to an award of costs, the amount of which will be determined below.

While courts have discretion to award costs pursuant to FRCP 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920. See Yasui, 78 F. Supp. 2d at 1126 (citing Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 177 (9th Cir. 1990); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987)). Section 1920 enumerates the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of

6

> the title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; <u>Yasui</u>, 78 F. Supp. 2d at 1126. The Court addresses each of the costs requested by Defendant in turn.

A.  <u>Transcript Costs</u>

Defendant requests $2,385.99 for transcript costs - $2,216.49 for deposition transcripts and $169.50 for court proceeding transcripts. Section 1920(2) provides for the taxation of the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Local Rule 54.2(f)(2) provides:

> The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable. A deposition need not be introduced in evidence or used at trial, so long as, at the time it was taken it could reasonably be expected that the deposition was used for trial preparation, rather than mere discovery.

Local Rule 54.2(f)(2).

7

1.  <u>Deposition Transcripts</u>

Defendant requests taxation of five deposition transcripts in the amount of $2,216.49.  Deputy Corporation Counsel Curtis Sherwood represents that all of the deposition transcript were obtained for the defense of this action and to assist with trial preparation and for use during trial.  Here, the Court finds that Defendant has established that the transcripts were used for trial preparation and at trial.  Accordingly, the Court recommends that the district court tax deposition transcript costs pursuant to § 1920(2) and Local Rule 54.2(f) in the amount of **$2,216.49**.

2.  <u>Court Proceeding Transcripts</u>

Defendant additionally seeks $169.50 in transcript costs from court proceedings.  Insofar as these costs are authorized by § 1920(2), and defense counsel represents that the transcripts were necessarily obtained for use in the case, the Court recommends that the district court tax **$169.50** for

court proceeding transcripts.

B. <u>Witness Fees</u>

Defendant requests reimbursement of witness fees for Jaylyn Figueroa and Winifred Tucker, both of whom testified at trial. Specifically, Defendant seeks $46.00 per witness, for a total of $92.00. Witness fees are taxable pursuant to § 1920(3). Local Rule 54.2(f)(3) further specifies that "[p]er diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." Local Rule 54.2(f)(3); <u>see</u> <u>also</u> <u>Clausen v. M/V New Carissa</u>, 339 F.3d 1049, 1064 (9th Cir. 2003) (stating that witness fees are taxable costs under § 1920(3), but are limited to forty dollars per day under 28 U.S.C. § 1821(b)). In addition to the $40.00 per day witness attendance fee that is permitted under § 1821(b), Defendant requests $6.00 in mileage fees for 42 miles of travel per witness. Because the mileage fees fall well-below the amount allowable pursuant to § 1821(c)(2), Defendant is entitled to reimbursement. Accordingly,

the Court recommends an award of **$92.00** in witness fees.

C. Copying Costs

Defendant requests reimbursement for $202.05 in copying costs. Section 1920(4) explicitly provides for the taxation of copying costs and section 1920(3) provides for the taxation of "[f]ees and disbursements for printing." 28 U.S.C. § 1920(3) & (4). Local Rule 54.2(f)(4) sets forth specific requirements that must be met.

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied. The practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable. The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable.

Local Rule 54.2(f)(4). In support of his request for copying costs, Defendant submitted a chart detailing the documents copied, the number of copies made, and

10

the number of pages copied.  Defendant copied 1,347 pages at a rate of $0.15/page.  After carefully reviewing Defendant's chart, the Court finds that 563 pages of the copies made were obtained for Defendant's use and/or convenience.  Such costs are non-compensable.  As a result, the Court recommends that Defendant be reimbursed for 784 pages of copies at $0.15/page, for a total of **$117.60**.

D.  <u>Miscellaneous Costs</u>

Finally, Defendant seeks to recover $47.50 incurred for copies of jury cards, a fee paid to the Clerk.  Although Defendant did not cite the relevant § 1920 provision, the Court finds that § 1920(1) applies.  Inasmuch as the fees of the Clerk of Court are taxable pursuant to § 1920(1), the Court finds that the **$47.50** related to the jury cards are manifestly reasonable, and should be awarded to Defendant. <u>Black v. City, County of Honolulu</u>, Civil No. 07-00299 DAE-LEK, 2010 WL 653026, 24 (D. Haw. Feb. 22, 2010).

E.  <u>Total Taxable Costs</u>

In sum, the Court finds that $2,385.99 in transcript costs, $92.00 in witness fees, $117.60 in copying costs, and $47.50 in fees of the Clerk are taxable.  The Court therefore recommends that the district court tax **$2,643.09** in costs.

CONCLUSION

Based on the foregoing, this Court FINDS and RECOMMENDS that Plaintiff's Objection, filed March 18, 2011, be DENIED.  The Court recommends that the district court award Defendant **$2,643.09** in costs.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, March 28, 2011.



_____
Kevin S.C. Chang
United States Magistrate Judge


CV 09-00376 SOM-KSC; Tucker v. Perez, et al.; FINDINGS AND
RECOMMENDATION REGARDING PLAINTIFF ANTHONY TUCKER'S OBJECTIONS TO
DEFENDANT BENJAMIN PEREZ'S ITEMIZED BILL OF COSTS