```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII
```

| | | |
|---|---|---|
| ANTHONY TUCKER, | ) | CIVIL NO. 09-00376 SOM/KCS |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| vs. | ) | MOTION FOR A NEW TRIAL |
| | ) | |
| BENJAMIN PEREZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL</u>

I.      <u>INTRODUCTION.</u>

This case involved a claim of excessive force brought by Plaintiff Anthony Tucker against Defendant Benjamin Perez, a police officer. Tucker asserted that Perez violated 42 U.S.C. § 1983 when Perez pepper sprayed Tucker at their apartment complex while Perez was off duty. The claim went to trial in February 2011. On February 24, 2011, a jury determined that Tucker had not proven by a preponderance of the evidence that "he was subjected to excessive force by Benjamin Perez, in violation of his Fourth Amendment right against unreasonable seizures." <u>See</u> Special Verdict Form, Ques. 1, Feb. 24, 2011, ECF No. 121.

On March 24, 2011, Tucker filed a motion for new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. On April 15, 2011, Perez filed an opposition to the motion. No reply has been timely filed. Because Tucker fails to establish any reason supporting a new trial, the motion is denied without a hearing pursuant to Local Rule 7.2(d).

II.     STANDARD OF REVIEW.

Under Rule 59(a) of the Federal Rules of Civil Procedure, this court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). "Historically recognized grounds [supporting a Rule 59(a) motion] include, but are not limited to, claims that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007); see also Silver Sage Partners, Ltd. v. City of Desert Hot Springs, 251 F.3d 814, 819 (9th Cir. 2001) (courts may grant a new trial if the verdict is contrary to the clear weight of the evidence, or is based upon evidence that is false, or to prevent, in this court's discretion, a miscarriage of justice). A new trial may not be granted merely because this court would have arrived at a different result. Silver Sage, 251 F.3d at 819.

III.    ANALYSIS.

Tucker's motion for a new trial relies on two arguments. Neither argument is persuasive.

A.   Post-Trial Juror Statements.

Tucker first seeks a new trial by arguing that the jurors relied on evidence that was not in the record. Tucker's

2

attorney, Shawn A. Luiz, says that, after the verdict was received, he discussed with some of the jurors why they determined that Officer Perez had not used excessive force when he pepper sprayed Tucker.  Luiz says that one of the jurors told him that the jurors thought pepper spray was safe because pepper spray has not been recalled, women use it for self-defense, and because it was the least amount of force Officer Perez could have used under the circumstances.  Tucker seeks a new trial, arguing that the recall status of pepper spray was not in evidence and should not have been considered by the jury.  See Declaration of Shawn A. Luiz ¶ 5, Mar. 24, 2011, ECF No. 129-2.

Tucker's motion for new trial does not discuss Rule 606(b) of the Federal Rules of Evidence, which states:

> **(b) Inquiry into validity of verdict or indictment.**  Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith.  But a juror may testify about (1) whether extraneous prejudicial information was improperly brought to the jury's attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict onto the verdict form.  A juror's affidavit or evidence of any statement by the juror may not be received on a matter about which the juror would be precluded from testifying.

The jury's alleged discussion concerning whether pepper spray had been recalled does not fall into any of the three exceptions that would allow a juror to testify under Rule 606(b). Had Tucker made a Rule 606(b) argument, it would appear that his best argument would have been that reliance by the jury on any juror comment about the recall of pepper spray constituted "extraneous prejudicial information" that was "improperly brought to the jury's attention." See Fed. R. Civ. P. 606(b)(1). However, that argument would fall short, as the lack of any recall was apparent from the trial record. Thus, Officer Perez's use of pepper spray generated no suggestion by Tucker that a recall of pepper spray made all use of pepper spray illegal or improper. In other words, even assuming some of the jurors discussed or relied on the unrecalled status of pepper spray, that discussion would not have amounted to "extraneous prejudicial information" that a juror could attest to because, being apparent from the record, it was not "extraneous." See Fed. R. Civ. P. 606(b).

The court notes that Tucker does not suggest or otherwise argue that the jury improperly and/or prejudicially concluded that Officer Perez's use of pepper spray was reasonable because women not infrequently carry pepper spray to protect themselves. The jury could have determined from the evidence submitted at trial that Officer Perez was facing a hostile

4

situation when he used the pepper spray.  The jurors were certainly entitled to draw reasonable inferences from the facts presented to them in light of their common experience.  The severity of harm pepper spray causes, whether it is perceived to be safe for its intended use by a particular person and against a particular person, and the circumstances of its use are matters the jury was entitled to consider in determining whether Officer Perez's use of pepper spray on Tucker was reasonable under the circumstances.  These facts and inferences are not "extraneous prejudicial information" that a juror could testify to under Rule 606(b).

Accordingly, in deciding whether to grant Tucker a new trial, the court cannot consider what was allegedly said by some of the jurors to Luiz after the jury had returned its verdict.  The alleged post-trial juror statements do not justify a new trial.

    B.    <u>Personal Assets Comments During Closing.</u>

The second basis of Tucker's motion for new trial is that, during closing, Tucker's attorney told the jury that Officer Perez's personal assets were at risk.  Luiz represents that he objected and asked for a curative instruction, which was overruled.  <u>See</u> Luiz Decl. ¶ 2.  Tucker does not supply the court with a transcript supporting his argument.  However, the court has reviewed a "rough," unedited, and uncertified transcript of

5

Perez's closing, which confirms the court's memory of the closing.

During Perez's closing, Perez's attorney told the jury that Perez's personal assets were at risk in the trial, which was characterized as a courthouse lottery. Tucker objected to that statement, arguing that the reference to personal assets misstated the evidence. The court then held a sidebar at which Perez's attorney explained that the City and County of Honolulu does not indemnify its officers for punitive damage awards. Because Tucker was seeking punitive damages, Perez's personal assets were at risk, leading this court to reason that Perez's closing was not inaccurate. Tucker and Perez agree that Tucker requested a curative or limiting instruction, see Declaration of Counsel ¶ 8, Apr. 15, 2011, ECF No. 134-1, but Tucker provides no authority providing that a curative instruction was required.

At most, Tucker cites Larez v. Holcomb, 16 F.3d 1513, 1519 (9th Cir. 1994). In Larez, the Ninth Circuit held that a court improperly instructed a jury that an officer would be indemnified by the city if compensatory damages were awarded. The Ninth Circuit stated that, if a jury receives information concerning indemnification, a court should issue a curative instruction. Id. at 1518-19. Here, the jury was not informed that the City and County of Honolulu would indemnify Perez for any compensatory damages the jury awarded. Instead, the jury was

6

told that Officer Perez's personal assets were at risk--the very state of the case before the jury.  As far as the jury knew, Tucker was seeking to hold Perez personally liable for a Fourth Amendment violation.  Perez's counsel's statements during closing merely reflected the state of the case before the jury, as no reference to indemnification was made.

With respect to the curative or limiting instruction Tucker says he requested, the court is at a loss to know what it could have told the jury without running afoul of the rule that juries should not be told about indemnification.  If Tucker is arguing that this court should have told the jury that Perez's personal assets were at risk only for any punitive damage award, that instruction would have suggested that Perez would be indemnified for any compensatory damage award.  This would have created more problems than it potentially solved.  Under Larez, had information about indemnification been given to the jury in a curative or limiting instruction, the court would then have had to tell the jury to ignore the indemnification information the court had just provided.

Perez's reference in his closing to having his personal assets at risk in the courthouse lottery therefore does not justify a new trial.

IV.     CONCLUSION.

Because the evidence at trial supported the jury's determination that Perez did not use excessive force when he pepper sprayed Tucker, and because Tucker's arguments supporting his motion are unpersuasive, Tucker's Rule 59 motion for a new trial is denied.  The court decides this motion without a hearing pursuant to Local Rule 7.2(d).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 26, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Tucker v. Perez, Civil No. 09-00376 SOM/KSC; ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL.